IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOL HADASH HUMANISTIC CONGREGATION, et al. <br><br> Plaintiffs, <br> v. <br><br> PAYPAL, INC., et al. <br><br> Defendants. | Case No. 22 C 6532 <br><br> Honorable Sunil R. Harjani |

**MEMORANDUM OPINION AND ORDER**

Before the Court are: (1) Defendants PayPal Inc., PayPal Charitable Giving Fund (collectively, "PayPal Defendants"), and Carlton Lorenz's Motion to Dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6); (2) Plaintiffs Kol Hadash and DC Central Kitchen's Motion to Remand to Illinois State Court pursuant to 28 U.S.C. § 1447(c); and (3) Plaintiffs' Motion for Leave to Serve Jurisdictional Discovery as to Defendant Nick Aldridge under Fed. R. Civ. P. 26. This case presents an interesting effort by Plaintiffs to take a second bite at the apple and relitigate an adverse ruling it received in a prior federal action. They are collaterally estopped from doing so. For the reasons stated below, the motion to dismiss [22] is granted in part and denied in part, and the motion to remand [16] is granted in part. Certain claims are remanded back to the Circuit Court of Cook County for further proceedings, and Plaintiffs' motion for leave to serve jurisdictional discovery [43] is denied as moot.

**Background**

The case arises out of Plaintiffs' allegations that the PayPal Defendants created a website, PayPal Giving Fund, to solicit donations earmarked for certain charities. *See generally* Doc. [1]. Plaintiffs contend that Defendants engaged in misconduct related to the solicitation and distribution of charitable donations. *Id.* Relevant to this dispute is the procedural history of another pending case, *Friends for Health v. PayPal et al.*, Case No. 17 C 1542 (hereinafter the "*Friends* Action").[1] Plaintiffs in this case were also Plaintiffs in the *Friends* Action. Together with others, they filed the *Friends* Action against the PayPal Defendants based on the above alleged misconduct. *See Friends* Action, Doc. [38]. The PayPal Defendants subsequently filed a motion to stay the proceedings and compel all Plaintiffs to individual arbitrations, which the district judge granted. *Friends* Action, Docs. [41][64]. Plaintiffs Kol Hadash and DC Central Kitchen did not proceed with arbitration, but instead sought leave to file a second amended complaint. *Friends* Action, Doc. [155]. The district judge denied Plaintiffs' leave to file an amended complaint as the case was stayed pursuant to 9 U.S.C. § 3, which mandates that a case remain stayed until arbitration is complete. *Friends* Action, Doc. [161]. The district judge then dismissed the action for lack of

---

[1] As of April 2, 2024, the *Friends* Action was reassigned along with the current case to the undersigned district judge.

jurisdiction, holding that because the Plaintiffs agreed to individual arbitrations, there was no class action jurisdiction. *See Friends* Action, Doc. [163]. After dismissal, only Plaintiff Kass appealed to the Seventh Circuit and did so on a number of issues, but principally whether the district court properly compelled her claim to arbitration. *Kass v. PayPal Inc.*, 75 F.4th 693, 695-96 (7th Cir. 2023). In ruling on the issue, the Seventh Circuit noted that Plaintiffs Kol Hadash and DC Central Kitchen, along with the other Plaintiffs, had not challenged that they had accepted a mandatory arbitration provision when they created their PayPal accounts. *Id.* at 697. Rather, on the issue of arbitrability as to Kass, the Seventh Circuit found that the trier of fact must determine whether Kass received notice from PayPal of the mandatory arbitration clause in order to compel her to arbitration. *Id.* at 698-99. Thus, the Seventh Circuit reversed the district judge's decision on arbitrability as to Plaintiff Kass only. *Id.* The Seventh Circuit also found that the district judge had improperly dismissed the case for lack of subject matter jurisdiction because arbitrability was an affirmative defense and affirmative defenses cannot defeat subject matter jurisdiction. *Id.* at 699-700. After the mandate was returned to the district court, Plaintiffs (except for Kass) in the *Friends* Action took no further action in that case and did not seek reinstatement. *See generally Friends* Action.

Instead, Plaintiffs Kol Hadash and DC Central Kitchen opted not to proceed with arbitration as the district judge ordered, but filed suit in the Circuit Court of Cook County based on the same above misconduct, alleging claims essentially identical to those previously raised in the *Friends* Action, as follows:

- Count I in both actions raise a violation of the Lanham Act (15 U.S.C. § 1125(a)) against the PayPal Defendants;
- Count II in both actions allege conversion against the PayPal Defendants;
- Count III here mirrors Counts III and IV in the *Friends* Action asserting unjust enrichment against PayPal Defendants;
- Count IV here is identical to Counts V and VI in the *Friends* Action seeking an accounting from the PayPal Defendants; and
- Count V here parallels Count VII and VIII in the *Friends* Action raising a violation of the DC Protection Procedure Act (§§ 28-3901 *et seq*.) against the PayPal Defendants.

All these claims concern the same occurrence. Specifically, both cases allege that PayPal created and used the charitable corporation, PayPal Giving Fund, to solicit donations under the guise of passing money directly to millions of charities. Plaintiffs contend that the money and donation information was not given to the charities immediately as represented. Instead, the PayPal Defendants induced charities into enrolling in the PayPal Giving Fund and creating a PayPal business action as the only means of receiving funds. Meanwhile, the funds were directed to PayPal Giving Fund and redirected to other charitable organizations of PayPal Defendants choosing, as many of the millions of charities never enrolled. In this action, Plaintiffs also asserted additional, new claims and added two individual defendants, Lorenz and Aldridge, to their case. Doc. [1-1]. Defendants then removed the case to this Court because of the Lanham Act federal claim alleged in the new lawsuit, which brings us to the present dispute.

**Discussion**

A. **Defendants' Rule 12(b)(6) Motion to Dismiss**

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the sufficiency of a complaint for purposes of a motion to dismiss, the Court "construe[s] it in the light most favorable to the nonmoving party, accept[s] well-pleaded facts as true, and draw[s] all inferences in [the nonmoving party's] favor." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (*quoting Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010)). While a plaintiff is not required to plead elements that overcome affirmative defenses, when a complaint sets out all elements of an affirmative defense, dismissal under Rule 12(b)(6) is warranted. *NewSpin Sports, LLC v. Arrow Electronics, Inc.*, 910 F.3d 293, 299-300 (7th Cir. 2018).

Defendants advance two main arguments in support of their motion to dismiss: (1) that Plaintiffs' claims are barred under the doctrine of collateral estoppel, and (2) that Plaintiffs' claims are time-barred. Doc. [23] at 9-23. The Court need only address the issue of collateral estoppel against the PayPal Defendants for Counts I through V, which is dispositive on this motion.

As a preliminary matter, the Court notes that both parties incorrectly rely on Illinois law in their briefs. Doc. [23] at 16; Doc. [24] at 13-14. A federal court sitting in diversity is obligated to apply the substantive law of the forum state, here Illinois, including its choice of law principles. *Jaurequi v. John Deere Co.*, 986 F.2d 170, 172 (7th Cir. 1993) (*citing Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)). However, Illinois' choice of law rules provide that the collateral estoppel effect of a judgment is determined by implementing the law of the jurisdiction where the judgment was rendered, which in this case is the Northern District of Illinois. *Instituto Nacional De Comercializacion Agricola (Indeca) v. Cont'l Illinois Nat. Bank*, 858 F.2d 1264, 1271 (7th Cir. 1988); *see also Grabscheid v. E&A Indus. Inc.*, 2002 WL 31854967, *6 (N.D. Ill. Dec. 18, 2002). Thus, Seventh Circuit law on collateral estoppel applies.

The Seventh Circuit has stated that to invoke collateral estoppel, a party must establish: "(1) the issue sought to be precluded must be the same as that involved in the prior action, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action." *Waagner v. United States*, 971 F.3d 647, 657 (7th Cir. 2020) (*citing Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir. 1987)). In evaluating a Rule 12(b)(6) motion to dismiss, the Court may also "consider… information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Here, the Court takes judicial notice of the documents from the *Friends* Action filed in this district because they form the basis for Defendants' motion to dismiss. *See* Fed. R. Evid. 201(b); *Daniel v. Cook Cnty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts."); *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1172, 1173 (7th Cir. 2010) (courts may "take judicial notice of prior proceedings in a case involving the same litigant.").

First, the Court considers whether the issue in the prior action is the same as the current action. Defendants posit that the issues are identical: whether Plaintiffs' claims are subject to arbitration. Doc. [23] at 16-18. Plaintiffs disagree, taking the position that the only issue decided in the *Friends* Action was that the Court did not have subject matter jurisdiction over the claims. Doc. [24] at 16-22. Plaintiffs allege that, because the district judge dismissed for lack of subject matter jurisdiction, all of the district court rulings are void and there is no collateral estoppel. *Id.* at 17. But, as noted by the Seventh Circuit on appeal, an affirmative defense of arbitrability does not defeat subject-matter jurisdiction over Plaintiffs' claims; thus, there was always subject matter jurisdiction in the district court. *Kass*, 75 F.4th at 699-700, n.6. The Seventh Circuit's opinion also did not vacate all prior findings of the *Friends* Action, and certainly did not vacate the district judge's decision compelling arbitration. *Id.* And the Seventh Circuit recognized that Plaintiffs had a binding agreement to arbitrate. *Id.* at 697. In light of all of this, as noted by Defendants, the legal issue presented to the district judge in the *Friends* Action and presently here is whether certain of Plaintiffs' claims must be resolved by arbitration. *See Friends* Action, Doc. [64]. The claims compelled to arbitration in the *Friends* Action (violation of the Lanham Act, conversion, unjust enrichment, accounting, and violation of the DC Protection Procedure Act) are identical to Counts I through V in this action and arise out of the same misconduct surrounding the solicitation and distribution of charitable donations.

In further support, the Court finds instructive *Tuteur Associates, Inc. v. Taubensee Steel & Wire Co.*, 861 F. Supp. 693 (N.D. Ill. Aug. 17, 1994). In *Tuteur*, the court reviewed a motion for summary judgment relying on a prior action in the same district where the district judge found an arbitration clause inapplicable because there was no agreement between the parties. *Id.* at 695. That ruling was never appealed and became final. *Id.* The district court found issue preclusion applied in the subsequent district court case to the narrower issue of whether there was agreement between the parties, and that issue could not be relitigated as the prior court found there was not. *Id.* at 696-97. In our case, the prior district judge examined the contract at issue between the Plaintiffs and PayPal Defendants and found it compelled arbitration as to the claims at issue because Plaintiffs did not dispute opening PayPal accounts or accepting the PayPal user agreement, which included a mandatory arbitration provision. *Friends* Action, Doc. [64]. The issue this Court faces – whether Plaintiffs must be compelled to arbitrate these same claims or if they can proceed in this litigation – is identical. *See also City of Bismarck v. Toltz, King, Duvall, Anderson and Assocs., Inc.*, 767 F.2d 429, 431 (8th Cir. 1985) (prior determination that a contract must be resolved by arbitration collaterally estopped akin issues from being relitigated).

On the second factor, this Court finds the issue of arbitrability was actually litigated in the *Friends* Action. Defendants filed a motion to compel arbitration. Plaintiffs sought an extension of time to respond and then filed a brief in opposition. After Defendants' reply brief, the Court granted the motion to compel arbitration. The district judge noted that "Plaintiffs, in fact, d[id] not dispute that they opened PayPal accounts, or that they accepted the PayPal user agreement when doing so," which included a mandatory arbitration provision. *Friends* Action, Doc. [64]. In opposing collateral estoppel, Plaintiffs contend that this action has additional claims, including those against the individual defendants (Lorenz and Aldridge) who were not involved in the prior suit. Doc. [24] at 17-22. But the Court here is not reaching a decision on whether collateral estoppel applies to the new claims or the claims against the added defendants. Rather the only

4

claims being dismissed (Counts I through V against the PayPal Defendants) are the claims Plaintiffs lifted from the *Friends* Action that the district judge had compelled to arbitration.

Plaintiffs argue the third factor fails to support collateral estoppel by noting that the decision in the *Friends* Action is not a final judgment on the merits. Doc. [24] at 14-16. This argument incorrectly applies Illinois law. *Id.* Federal law of collateral estoppel finds preclusion if the issue was "essential to the final judgment." *Waagner*, 971 F.3d at 657. Moreover, the Seventh Circuit has adopted a relaxed concept of finality for collateral estoppel. *See Bell v. Taylor*, 827 F.3d 699, 707 (7th Cir. 2016) (collecting cases). As noted in *Bell*, for a decision to be "final" for the purpose of collateral estoppel, "the decision need only be immune from reversal or amendment." *Id.* (*citing Miller Brewing Co. v. Joseph Schlitz Brewing Co.*, 605 F.2d 990, 996 (7th Cir. 1979), *cert. denied*, 444 U.S. 1102 (1980)). Whether a judgment is final and precludes relitigating depends on the "nature of the decision (i.e., that it was not avowedly tentative), the adequacy of the hearing, and the opportunity for review." *Id.* (internal quotation and citation omitted). In the *Friends* Action, the decision was fully litigated, adjudicated, and Plaintiffs could have certainly moved for an interlocutory appeal on the issue of arbitrability, proceeded to arbitration and appealed the final arbitration decision, or raised the issue of arbitrability like Plaintiff Kass. *See e.g.*, *Kass*, 75 F.4th at 698-99. Plaintiffs took no action. Analogous to this situation is *Haber v. Biomet, Inc.*, 578 F.3d 553, 557 (7th Cir. 2009). There, the Seventh Circuit noted that issue preclusion applied to an order denying a motion to compel because even though the case could still be appealed, the decision on arbitrability was a distinct, final, and reasoned pronouncement of a prior court. *Id.*; *see e.g.*, *Keystone Shipping Co. v. New England Power Co.*, 109 F.3d 46, 50-52 (1st Cir. 1997) (compelling arbitration based on state court judgment finding of valid arbitration clause); *City of Bismark*, 767 F.2d at 431 (same). The same is true here.

The final consideration for collateral estoppel is whether the parties were fully represented in the prior suit. Plaintiffs and the PayPal Defendants were represented in the *Friends* Action. Plaintiffs argue that the parties are not identical, as there are two additional individual defendants in this suit who were not present in the *Friends* Action. Doc. [24] at 17-18. The Court is not ruling on whether collateral estoppel applies to the additional claims in this suit and any claims brought against the new defendants. That issue remains open and is addressed further below.

In short, Plaintiffs have had almost six years since the district judge's order in the *Friends* Action to commence an arbitration against the PayPal Defendants for the five counts at issue. They failed to follow that order, and instead attempted to skirt the ruling by relitigating the same five causes of action arising out of the same alleged charitable misconduct in a different forum. Unfortunately for Plaintiffs, they ended up back in federal court on removal and they are still bound to the prior district court's decision compelling arbitration under collateral estoppel. Counts I, II, III, IV, and V are dismissed as to the PayPal Defendants in this case.

### B. Supplemental Jurisdiction

As noted above, there remains new claims against the PayPal and individual defendants that are not subject to collateral estoppel. But the Lanham Act federal claim (Count I) has been dismissed and district courts may decline to exercise supplemental jurisdiction over a claim if the court "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Sharp Elecs. Corp. v. Metro. Life Ins.*, 578 F.3d 505, 514 (7th Cir. 2009). This case was originally brought in the Circuit Court of Cook County, the remaining claims are at an early stage, involve issues of Illinois law, and this Court has not expended significant resources on the remaining claims to date. Nor has any court determined whether these new claims and the individual defendants are also subject to mandatory arbitration. As a result, the best course of action is for this Court to exercise its discretion and decline to assert supplemental jurisdiction over the remaining claims that were not already compelled to arbitration.

### Conclusion

For the reasons stated above, Defendants' motion to dismiss is granted in part [22]. Counts I, II, III, IV, and V are dismissed as to the PayPal Defendants only. Defendants' motion is denied in all other respects. Plaintiffs' motion to remand the proceedings [16] is granted only as to Counts II as to the individual defendants and Counts VI, VII, VIII, and IX in light of the Court's decision not to exercise supplemental jurisdiction. This action shall be remanded forthwith to the Circuit Court of Cook County pursuant to 28 U.S.C. § 1447(c) for the state court to consider the claims that remain. Plaintiffs' motion for leave to serve jurisdictional discovery [43] is denied as moot.

**SO ORDERED.**

Dated: May 3, 2024

_____
Sunil R. Harjani
United States District Judge